Alexander D. Terepka (CSB# 288243)
alex@wtlaw.com
Patrick J. Fitzgerald (*pro hac vice*)
pfitzgerald@wtlaw.com
Watstein Terepka LLP
515 South Flower Street, 19th Floor
Los Angeles, CA 90071
Telephone: (404) 782-9821

*Attorney for Clear Link*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASHER BRONSTIN, individually and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>vs.<br><br>CLEAR LINK INSURANCE AGENCY, LLC and ALLEGIANT HOLDINGS, LLC,<br><br>        Defendant. | Case No. 8:23-cv-01742-CJC-ADS<br><br>**CLEAR LINK'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT AND COUNTERCLAIM**<br><br>Amended Complaint Served: January 24, 2024<br>Response Date: April 1, 2024 |
| CLEAR LINK INSURANCE AGENCY, LLC,<br><br>        Defendant/Counter-Plaintiff<br><br>vs.<br><br>ASHER BRONSTIN<br><br>        Plaintiff/Counter-Defendant | |

Clear Link Clear Link Insurance Agency, LLC ("Clear Link" or "Clear Link") hereby submits its Answer and Affirmative Defenses to Plaintiff Asher Bronstin's ("Plaintiff") First Amended Complaint and Counterclaim.

With respect to Plaintiff's unnumbered initial paragraph, Clear Link admits that Plaintiff purports to bring this action on behalf of himself and the members of his putative class. Clear Link denies all remaining allegations in this paragraph, and further denies that Plaintiff or the putative class members are entitled to any relief whatsoever against Clear Link.

## I.    INTRODUCTION[1]

1.    Paragraph 1 of the Complaint contains references to cases, which speak for themselves, to which no response is required. To the extent a response is required, Clear Link denies any implication that it is liable under the Telephone Consumer Protection Act.

2.    Clear Link denies the allegations contained within paragraph 2 of the Complaint and specifically denies that it participated in any illegal telemarketing.

3.    Clear Link lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained within paragraph 3 of the Complaint and therefore denies them.

4.    Clear Link admits that Plaintiff purports to represent a nationwide class. Clear Link lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning telemarketing campaigns generally. Clear Link denies the remaining allegations contained within paragraph 4 of the Complaint and specifically denies that it made any illegal telemarketing calls and that class certification is appropriate in this case.

---

[1] For the Court's convenience, Clear Link has incorporated the "headings" that appear in the Complaint, as well as the formatting from those headings. But Clear Link does not necessarily agree with and does not admit the characterizations of such headings unless specifically admitted herein. Nor does Clear Link waive any right to object to those characterizations.

## II.    PARTIES

5.    Clear Link lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegation contained within paragraph 5 of the Complaint.

6.    Clear Link admits that it is a limited liability company that offers insurance but denies the remaining allegations contained with paragraph 6 of the Complaint.

7.    Clear Link lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegation contained within paragraph 7 of the Complaint.

## III.    JURISDICTION AND VENUE

8.    Clear Link admits that Plaintiff purports to invoke federal-question jurisdiction under the TCPA.  Clear Link denies that Plaintiff has brought forth a "case or controversy" under Article III of the U.S. Constitution.  To the extent not expressly admitted, Defendant denies the remaining allegations in paragraph 8 of the Complaint.

9.    Clear Link denies the allegations contained within paragraph 9 of the Complaint.

10.    Clear Link denies the allegations contained within paragraph 10 of the Complaint and specifically denies that it participated in any illegal telemarketing.

## IV.    FACTS

### A.    The Enactment of the TCPA and its Regulations

11.    Clear Link lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained within paragraph 11 of the Complaint. The quotations of other materials speak for themselves.  To the extent a response is required, Clear Link denies any implication that it is liable under the Telephone Consumer Protection Act.

12.    The allegations contained within paragraph 12 of the Complaint contain legal conclusions, to which no response is required.  To the extent that a response is required, Clear Link admits that Plaintiff describes the TCPA, which speaks for itself. Clear Link denies any allegation inconsistent with the text of the TCPA. To the extent

CLEAR LINK'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM

not expressly admitted, Defendant denies the remaining allegations in paragraph 12 of the Complaint.

13. The allegations contained within paragraph 13 of the Complaint contain legal conclusions, to which no response is required. To the extent that a response is required, Clear Link admits that Plaintiff describes the TCPA, which speaks for itself. To the extent not expressly admitted, Defendant denies the remaining allegations in paragraph 13 of the Complaint.

14. The allegations contained within paragraph 14 of the Complaint contain legal conclusions, to which no response is required. To the extent that a response is required, Clear Link admits that Plaintiff quotes purported findings by the FCC, which speaks for themselves. Defendant denies the remaining allegations in paragraph 14 of the Complaint, and specifically denies any wrongdoing.

15. The allegations contained within paragraph 15 contain improper legal conclusions and citations to FCC regulations, neither of which requires a response. To the extent a response is required, Clear Link admits that Plaintiff quotes FCC regulations, which speaks for themselves. Clear Link denies that the FCC acted within its authority in promulgating the cited regulations. Defendant denies the remaining allegations in paragraph 15 of the Complaint, and specifically denies any wrongdoing.

**B.    Unsolicited Telemarketing to Plaintiff**

16. Clear Link lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained within paragraph 16 of the Complaint and therefore denies them.

17. Clear Link lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained within paragraph 17 of the Complaint and therefore denies them.

18. Clear Link lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained within paragraph 18 of the Complaint and therefore denies them.

19.     Clear Link denies the allegations contained within paragraph 19 of the Complaint.

20.     Clear Link lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegation contained within paragraph 20 of the Complaint and therefore denies it.

21.     Clear Link denies the allegation in paragraph 21 of the Complaint.

22.     Clear Link denies the allegation in paragraph 22 of the Complaint.

23.     Clear Link denies the allegation in paragraph 23 of the Complaint.

24.     Clear Link denies the allegation in paragraph 24 of the Complaint.

25.     Clear Link denies the allegation in paragraph 25 of the Complaint.

26.     Clear Link denies the allegation in paragraph 26 of the Complaint.

27.     Clear Link denies the allegation in paragraph 27 of the Complaint.

28.     Clear Link denies the allegation in paragraph 28 of the Complaint.

29.     Clear Link denies the allegation in paragraph 29 of the Complaint.

## CLEAR LINK'S VICARIOUS LIABILITY

30.     Paragraph 30 does not contain well-pleaded allegations of fact and requires no response.  To the extent a response is required, Clear Link admits that Plaintiff quotes FCC regulations, which speak for themselves.  Clear Link denies that the FCC acted within its authority in promulgating the cited regulations. Defendant denies the remaining allegations in paragraph 30 of the Complaint, and specifically denies any wrongdoing.

31.     Paragraph 31 does not contain well-pleaded allegations of fact and requires no response.  To the extent a response is required, Clear Link denies that the FCC acted within its authority in promulgating the cited regulations. Defendant denies the remaining allegations in paragraph 31 of the Complaint, and specifically denies any wrongdoing.

32.     Paragraph 32 does not contain well-pleaded allegations of fact and requires no response.  To the extent a response is required, Clear Link admits that Plaintiff quotes an FCC order, which speaks for itself.  Clear Link denies that the FCC acted within its authority in promulgating the cited order. Defendant denies the remaining allegations in paragraph 32 of the Complaint, and specifically denies any wrongdoing.

33.     Paragraph 33 does not contain well-pleaded allegations of fact and requires no response.  To the extent a response is required, Clear Link admits that Plaintiff quotes an FCC order, which speaks for itself.  Clear Link denies that the FCC acted within its authority in promulgating the cited regulations.  Defendant denies the remaining allegations in paragraph 33 of the Complaint, and specifically denies any wrongdoing.

34.     Clear Link denies the allegations contained within paragraph 34 of the Complaint.

35.     Clear Link admits that it engaged Allegiant to perform certain legal, TCPA compliant calling activities but denies the remaining allegations contained within paragraph 35 of the Complaint and specifically denies that Allegiant was authorized by Clear Link to place any of the alleged calls that gave rise to this action.

36.     Clear Link denies the allegations contained within paragraph 36 of the Complaint.

37.     Clear Link denies the allegations contained within paragraph 37 of the Complaint as alleged.

38.     Clear Link admits that one of the specific criteria for vendors like Allegiant is to comply with all laws, including the TCPA. Except as expressly admitted Clear Link denies the allegations contained within paragraph 38 of the Complaint as alleged.

39.     Clear Link denies the allegations contained within paragraph 39 of the Complaint as alleged.

1    40.    Paragraph 40 contains citations to an FCC order to which no response is
2 required.  To the extent a response is required, Clear Link admits that Plaintiff quotes
3 an FCC order, which speaks for itself.  Clear Link denies that the FCC acted within its
4 authority in promulgating the cited regulations. Defendant denies the remaining
5 allegations in Paragraph 40, and specifically denies any wrongdoing.

## V.    CLASS ACTION ALLEGATIONS

41.    Clear Link admits that Plaintiff purports to represent classes as defined within paragraph 41 of the Complaint but denies the remaining allegations contained within paragraph 41 of the Complaint and specifically denies that class certification would be appropriate in this case.

42.    Clear Link admits that Plaintiff purports to represent classes and exclude from those classes those named within paragraph 42 of the Complaint.  Clear Link denies the remaining allegations contained within paragraph 42 of the Complaint and specifically denies that class certification would be appropriate in this case.

43.    Clear Link denies the allegations contained within paragraph 43 of the Complaint.

44.    Clear Link denies the allegations contained within paragraph 44 of the Complaint.

45.    Clear Link denies the allegations contained within paragraph 45 of the Complaint.

46.    Clear Link denies the allegations contained within paragraph 46 of the Complaint.

47.    Clear Link denies the allegations contained within paragraph 47 of the Complaint.

48.    Clear Link denies the allegations contained within paragraph 48 of the Complaint.

49.     Clear Link admits that Plaintiff purports to bring this action as a class action and seeks injunctive relief and money damages but denies the remaining allegations contained within paragraph 49 of the Complaint and specifically denies that class certification, injunctive relief or money damages, or any relief, is appropriate in this case.

50.     Clear Link denies the allegations contained within paragraph 50 of the Complaint, including the subparagraphs a. through c.

51.     Clear Link denies the allegations contained within paragraph 51 of the Complaint.

52.     Clear Link denies the allegations contained within paragraph 52 of the Complaint.

53.     Clear Link denies the allegations contained within paragraph 53 of the Complaint.

54.     Clear Link denies the allegations contained within paragraph 54 of the Complaint.

55.     Clear Link denies the allegations contained within paragraph 55 of the Complaint.

## FIRST CAUSE OF ACTION

**Telephone Consumer Protection Act**

**Violations of 47 U.S.C. § 227(b)(3)**

**(On Behalf of Plaintiff and the Pre-Recorded Call Class)**

56.     Clear Link incorporates its responses set forth in all preceding paragraphs as though fully set forth herein.

57.     Clear Link denies the allegations contained within paragraph 57 of the Complaint.

58.     Clear Link denies the allegations contained within paragraph 58 of the Complaint.

59. Paragraph 59 of the Complaint contains an improper legal conclusion to which no response is required. To the extent a response is required, Clear Link denies the allegations contained within paragraph 59 of the Complaint as stated and specifically denies that treble damages or any damages are warranted or that it violated the TCPA in any way.

60. Clear Link denies the allegations contained within paragraph 60 of the Complaint.

## PRAYER FOR RELIEF

Clear Link denies the allegations in Plaintiffs' Prayer for Relief, including subparts A through G, and specifically denies that Plaintiff is entitled to class certification, appointment as class representative, appointment of his attorneys as class counsel, any damages, injunctive relief, or any relief whatsoever.

## VI. DEMAND FOR JURY

Clear Link denies that any of the allegations set forth in the Complaint allege triable issues against Clear Link. To the extent a jury trial is permitted, Clear Link demands a trial by the maximum number of jurors allowed by law.

## VII. SIGNATURE ATTESTATION

Clear Link lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegation contained within the Signature Attestation of the Complaint.

## AFFIRMATIVE DEFENSES

Clear Link hereby asserts the following defenses to the claims and allegations set forth in the Complaint. By asserting these defenses, Clear Link does not admit that it bears the burden of proof or the burden of persuasion with respect to any particular defense.

## FIRST AFFIRMATIVE DEFENSE
### (Lack of Personal Jurisdiction)

Plaintiff's claims fail because this Court lacks personal jurisdiction over Clear

Link. Clear Link is not subject to the general jurisdiction of this Court because it is not "at home" in California. Nor is it subject to specific personal jurisdiction because Clear Link did not purposefully avail itself of this forum or purposefully direct its activities here. Any alleged calls at issue were placed by an independent third party whose contacts cannot be attributed to Clear Link for purposes of establishing personal jurisdiction.

## SECOND AFFIRMATIVE DEFENSE
### (Failure to State a Cause of Action)

The Complaint fails to allege facts sufficient to state a cause of action against Clear Link. For example, Plaintiff failed to show that any calls he allegedly received were calls for "which the called party is charged" as required by the TCPA.

## THIRD AFFIRMATIVE DEFENSE
### (Consent)

Plaintiff is barred from asserting his claims in whole or in part because the calls at issue were made with his prior express permission and/or consent, which was not effectively revoked.

## FOURTH AFFIRMATIVE DEFENSE
### (No Agency or Vicarious Liability and Proportional Allocation of Fault)

Any damages, injury, violation, or wrongdoing alleged in the Complaint was caused by third parties or Plaintiff for which Clear Link cannot be held vicariously liable. Further, Clear Link did not authorize, ratify, encourage, participate in, aid, abet, or assist in any of the conduct alleged in the Complaint and cannot be held liable for it. For example, to the extent contractors caused any damages, injury, violations of the law or wrongdoing or engaged in the conduct alleged in the Complaint, those vendors acted outside the scope or in violation of the parties' agreements and Clear Link did not approve of that conduct. As such, Clear Link cannot be held vicariously liable. And even if it could, its liability, if any, must be eliminated or reduced by an amount proportionate to the fault attributable to third parties or Plaintiff.

## FIFTH AFFIRMATIVE DEFENSE
### (Arbitration and Class Waiver)

Plaintiff and the putative class members are barred from asserting claims in this forum to the extent their claims are subject to a binding arbitration agreement and an agreement to arbitrate their disputes on an individual (non-class) basis, depriving this Court of jurisdiction over such claims, and rendering venue in this Court improper.

## SIXTH AFFIRMATIVE DEFENSE
### (Acquiescence, Ratification, Estoppel, Waiver)

Plaintiff is barred from asserting his claims, in whole or in part, by the equitable doctrines of acquiescence and ratification, estoppel, and/or waiver.

## SEVENTH AFFIRMATIVE DEFENSE
### (No Mitigation)

To the extent that the Complaint alleges that Plaintiff suffered any purported injury or damages, Plaintiff failed to take any and all reasonable or necessary actions to avoid or reduce his damages, and any damages awarded to him must be reduced accordingly.

## EIGHTH AFFIRMATIVE DEFENSE
### (No Willful or Negligent Misconduct; No Treble or Increased Damages)

Any claim for treble or increased damages is barred because Clear Link did not engage in knowing or willful misconduct.

## NINTH AFFIRMATIVE DEFENSE
### (No Proximate Cause)

Clear Link did not proximately cause any damages, injury, or violation alleged in the Complaint. Instead, the acts of third parties (such as vendors, Plaintiff, or other persons who provided the number on which Plaintiff was allegedly called) proximately caused the damages, injuries, or violations at issue, to the extent they occurred.

**TENTH AFFIRMATIVE DEFENSE**

**(No Standing)**

Any and all claims brought in the Complaint are barred because Plaintiff lacks standing. For example, Plaintiff has not suffered any actual constitutional injury resulting from Clear Link's alleged conduct, and invited the harm he complains of, and therefore does not have standing pursuant to *Spokeo, Inc. v. Robins*, 135 S. Ct. 1892 (2015).

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Reasonable Practices and Procedures)**

Any and all claims brought in the Complaint are barred in whole or in part because Clear Link has established and instituted procedures so that Defendant only called persons who consented to receive calls about Defendant's services.

**TWELFTH AFFIRMATIVE DEFENSE**

**(Substantial Compliance)**

Clear Link is not liable to Plaintiff because Clear Link acted reasonably and with due care and substantially complied with all applicable statutes, regulations, ordinances, and/or other laws.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(Good Faith)**

Any and all claims brought in the Complaint are barred because Defendant possessed a good faith belief that it had consent to call the number at issue.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(FCC Exceeding Delegated Authority)**

Plaintiff's TCPA claims are barred to the extent they are based on regulations or rulings that exceed the FCC's delegated authority. Nor can the Hobbs Act cannot be validly or constitutionally applied to preclude Clear Link from raising defenses to an action arising under the TCPA or rules or regulations promulgated thereunder.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (First Amendment)

The TCPA and the regulations and rules promulgated thereunder violate the First Amendment of the United States Constitution, including by imposing content-based restrictions on speech that fail to withstand strict scrutiny.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Adequate Remedy at Law)

The Complaint fails to state a claim for injunctive relief because Plaintiff has an adequate remedy at law. For example, the TCPA provides for statutory penalties of $500 to $1,500 per call, or monetary compensation for actual damages.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

Plaintiff is barred from asserting his claims, in whole or in part, by the doctrine of unclean hands. For example, Plaintiff cannot assert claims under the TCPA if he acted in bad faith by, for example, providing the subject number referenced in the Complaint.

## EIGHTTEENTH AFFIRMATIVE DEFENSE

### (Due Process)

The application of the TCPA upon which the Complaint is based, including the imposition of statutory damages on Clear Link, would violate the Due Process provisions of the United States Constitution. For example, certain definitions contained in the TCPA render the statute unconstitutionally vague. Additionally, the statutory penalties sought by Plaintiff are excessive.

## NINETEENTH AFFIRMATIVE DEFENSE

### (No Authorization to Make Calls)

None of the subject calls were made by Clear Link, nor authorized to be made on its behalf.

## TWENTIETH AFFIRMATIVE DEFENSE
### (No "Pre-recorded" or "Artificial" Voice)

Plaintiff's claim is barred because a "pre-recorded voice" or "artificial voice," as defined by the TCPA, did not play, or wholly play, including without the assistance of a live agent in an interactive fashion, on the alleged calls.

## TWENTY-FIRST AFFIRMATIVE DEFENSE
### (No "Call")

Clear Link did not "make any call" to Plaintiff, as that term is used in the TCPA, 47 U.S.C. § 227(b)(1)(A).

## TWENTY-SECOND AFFIRMATIVE DEFENSE
### (No Charge)

Plaintiff was not "charged for the call" with respect to the calls at issue in this lawsuit, as that term is used in the TCPA.

## TWENTY-THIRD AFFIRMATIVE DEFENSE
### (Class Action Deficiencies)

Plaintiff cannot satisfy the prerequisites set forth in Rule 23 of the Federal Rules of Civil Procedure and therefore cannot maintain this action as a class action. Further, Clear Links gives notice that, in the event that this Court certifies a class, which Clear Link denies would be appropriate, Clear Link reserves the right to adopt and incorporate by reference each and every applicable defense pleaded (and any others that may be appropriate at that point) to all members of such class.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE
### (Hobbs Act)

The Hobbs Act cannot be validly or constitutionally applied to preclude Clear Link from raising defenses to an action arising under the TCPA or rules or regulations promulgated thereunder.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Laches)

Plaintiff and the putative class members are barred from asserting their claims in whole or in part by the doctrine of laches.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Reservation of Right to Assert Further Defenses)

Clear Link has not knowingly or intentionally waived any applicable defenses, and hereby gives notice that it intends to rely on such other and further affirmative defenses as may become available during discovery in this action. Clear Link reserves the right to amend its Answer to assert any such defense.

# COUNTERCLAIM

1.      Plaintiff and Counterclaim Defendant Asher Bronstin ("Bronstin") filed suit against Defendant and Counterclaim Plaintiff Clear Link Insurance Agency, LLC ("Clear Link" or "Defendant") alleging that Defendant's vendor, Allegiant Holdings, LLC ("Allegiant"), called his phone number, 760-705-**** (the "Subject Number"), and played a prerecorded voice message without his consent in violation of the Telephone Consumer Protection Act ("TCPA").  But Bronstin only received the call in question because he, or a someone acting on his behalf, submitted a lead form to https://www.getmedicarequotesnow.com, where he gave his express written consent to receive such calls on the Subject Number.  Bronstin attempted to conceal his fraud by using the name "Wayne Howard," but during one of the calls, Bronstin revealed facts that only someone familiar with the lead consenting to the alleged call would know.

2.      In other words, Bronstin perpetrated a fraud by completing a lead form (or working with someone who did so on his behalf) to bait calls that he could use as a pretense to start a TCPA lawsuit falsely claiming he received calls without consent.

3.      Bronstin's submission of the fraudulent lead injured Defendant, which has been forced to incur costs investigating and responding to his false claims, and his filing TCPA claims against Defendant breached the terms of the lead form.  Defendant seeks damages, including the lost time and attorneys' fees incurred in responding to this action, and any other relief appropriate arising out of Bronstin's fraud and breach of contract.

## JURISDICTION AND VENUE

4.      The Court has subject matter jurisdiction over Defendant's counterclaims under 28 U.S.C. § 1367(a) because they are so related to Bronstin's claims that they form part of the same case or controversy under Article III of the United States Constitution.

5.      Venue is proper in this district because Bronstin resides in the Central District of California and a substantial part of the events or omissions giving rise to the claim occurred in this district.

## PARTIES

6.      Clear Link is a corporation that is organized and maintains its principal place of business in Utah.

7.      Mr. Bronstin is an individual who resides in this district.

## FACTUAL BACKGROUND

8.      Under the TCPA, Congress afforded injured citizens a private right of action and statutory damages of $500 for negligent violations of certain provisions of the TCPA, which can be trebled in cases of intentional and knowing violations.

9.      Bronstin manufactured a TCPA claim here in an attempt to extract a payment from Defendant and its independent vendors.

**A.      Bronstin's Fraudulent Lead.**

10.      Among the services Clear Link offers are health insurance services for consumers who express interest in those services.  To communicate effectively with consumers, and avoid litigation for alleged TCPA violations, Defendant and its vendors only call persons who are interested in its services and affirmatively consent to receive calls about the same.  Defendant further requires that its independent marketing vendors comply with the TCPA and only call persons who affirmatively consent to receive calls from Defendant.

11.      One way consumers consent to receive calls is by completing lead forms online.  The lead forms are completed by consumers who affirm that they are interested in a Defendant's services and agree to receive certain kinds of calls.  Defendant thus relies on consumers to provide truthful information when completing a lead form and requesting to be contacted so that Defendant and its independent vendors only contact persons who are interested in its services and comply with the TCPA.  However, there are some bad actors who complete lead forms for the sole purpose of luring companies

CLEAR LINK'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIM

into calling them and then alleging the same call they requested amounts to a TCPA violation (disclaiming any knowledge of the very same lead the bad actor completed).

12.  Bronstin is one such bad actor.  Specifically, on July 18, 2023, Bronstin, or someone acting on his behalf, visited https://www.getmedicarequotesnow.com and provided Defendant, among other companies, express, written consent to contact the Subject Number by "artificial or prerecorded voice" with "insurance quotes, products and services including Medicare Supplement, Medicare Advantage and Prescription Drug Plans, for marketing purposes" (the "Subject Lead").  The Subject Lead, in full, stated:

☐ By clicking "Submit" I provide my signature to Get Mdicare Quotes Now, expressly authorizing up to eight insurance companies or their agents or partner companies to contact me at the number and address provided with insurance quotes, products and services including Medicare Supplement, Medicare Advantage and Prescription Drug Plans, for marketing purposes, or to obtain additional information for such purposes using an automated telephone dialling system and/or an artificial or prerecorded voice, text messages or email (Message and data rates may apply). I understand that this is a solicitation for insurance. Participating sales agencies represent Medicare Advantage [HMO, PPO, PFFS] and/or Prescription Drug Plan organizations that are contracted with Medicare. Enrollment depends on the plan's contract renewal. Enrollment in the described plan type may be limited to certain times of the year unless you qualify for a Special Enrollment Period. My signature is not a condition of purchasing any property, goods, or services and that I may revoke my consent at any time. I understand that the insurance companies or their agents or partner companies may confirm my information through the use of a consumer report. I agree to this website's Privacy Policy and acknowledge that as a member I will receive insurance quote reminders and special promotions sent to me via e-mail. I acknowledge that I have read and understood this website's Terms and Conditions, and I agree to be bound by them. "We do not offer every plan available in your area. Any information we provide is limited to those plans we do offer in your area. Please contact Medicare.gov to 1-800-MEDICARE to get information on all of your options.

I also agree with the Privacy Policy & DNC Policy and understand that GetMedicareQuotesNow.com Will Not Sell My Information.

13.     To submit the Subject Lead, Bronstin needed to truthfully enter, among other things, his name, phone number, and address, and affirmatively check a box on a consent form and click "submit."

14.     In an effort to conceal his fraud, however, Bronstin, or someone acting on his behalf, completed the Subject Lead under the name "Wayne Howard," purportedly of "Calverton, MD 20705."   Upon information and belief, Bronstin submitted the Subject Lead to solicit calls from Defendant and manufacture TCPA claims.

**B.     The Subject Call**.

15.     After receiving the Subject Lead and in reliance on the information contained therein and the consent Bronstin provided, Allegiant, one of Defendant's independent contractor vendors, provided the Subject Number to one of its sub-vendors.  The sub-vendor then called Bronstin and allegedly played a prerecorded voice message on Subject Call.[2]  The call was then transferred to Defendant.

16.     During the Subject Call, Bronstin continued his fraud by pretending to "Wayne Howard" even though that is not who he is.  And when he did so, he revealed that he completed the lead form or worked with someone who did.  For example, Bronstin volunteered information on that call that he could not have known unless he knew about the Subject Lead.  For example, during the call, Bronstin—unprompted—falsely stated that he lives in the same zip code where the Subject Lead was submitted.  Additionally, without anyone mentioning the name, Bronstin correctly identified that the name on the lead form was spelled "Wayne Howard."

17.     When Bronstin spoke with Jared Blizzard, one of Defendant's employees, he stated that he was interested in Defendant's Medicare services.  However, Mr. Blizzard was unable to continue the call because the social security number Bronstin provided, which upon information and belief was false, did not return

_____

[2] Defendant contractually prohibited Allegiant from using prerecorded voice messages on calls.

1  any results. And despite having already identified Defendant, Bronstin agreed to have
2  Mr. Blizzard spend more time investigating this problem and contacting Bronstin to let
3  him know the result, even though Bronstin knew that any investigation would be
4  fruitless waste of time because he was perpetrating a fraud.

5  ### C.    Mr. Bronstin Initiates the Frivolous Class Action

6  18.    Despite knowing that he gave express written consent to receive the
7  Subject Call, Bronstin proceeded to file a class action lawsuit against Defendant, and
8  later added Allegiant, alleging that he received prerecorded voice messages that
9  allegedly violated the TCPA.

10  19.    What's more, Bronstin persisted in this action even after Defendant
11  provided evidence of his fraud. Bronstin didn't explain how he knew where the Subject
12  Lead was submitted. Instead, in a further attempt to conceal his fraud, Bronstin now
13  claims that "Wayne Howard" was "the individual who owned his phone previously."
14  ECF No. 45 at 10. However, the Subject Number has never been associated with a
15  "Wayne Howard."

16  20.    Thus, in addition to the time Mr. Blizzard wasting his time investigating
17  Bronstin's bogus social security number, Defendant had to spend resources defending
18  this action, including by engaging attorneys, using employee resources, and other costs
19  associated with responding to and defending against Bronstin's fraudulent Class Action
20  Complaint.

21  ### COUNT I – FRAUD

22  21.    Defendant realleges and incorporates Paragraphs 1 through 21 of these
23  Counterclaims as if fully set forth herein.

24  22.    Bronstin made false representations of material fact when he (a)
25  submitted the Subject Lead to https://www.getmedicarequotesnow.com under the name
26  "Wayne Howard" of "Calverton, MD 20705" on July 18, 2023 in order to receive calls
27  regarding health insurance services; (b) falsely identified himself as "Wayne Howard"
28  on the Subject Call; and then (c) supplied a fake social security number to Jared

1 Blizzard and agreed to have him investigate why that number didn't return any results.

2     23.   Bronstin knew that these representations were false and intended that
3 Defendant would rely on that information.

4     24.   Defendant reasonably relied on Bronstin to provide truthful information
5 so that Defendant and its independent contractor vendors would only contact persons
6 legitimately interested in Defendant's services and comply with its obligations under
7 the TCPA.

8     25.   Bronstin submitted the false information and consent knowing that the
9 Subject Number would be contacted by companies that called persons who consented
10 to receive such calls.

11     26.   Bronstin has now filed this action against Defendant claiming that it is
12 vicariously liable for Allegiant, an independent third-party vendor that allegedly
13 contacted Bronstin on behalf of Defendant on July 25, 2023, and that call allegedly
14 violated the TCPA. But in doing so, Bronstin continues to use his misrepresentations
15 and false information to pursue his meritless claims against Defendant.

16     27.   Because of Defendant's justifiable reliance on Bronstin's false
17 representations, Defendant has suffered damages in the form of monetary and non-
18 monetary harm, including harm to its valuable good will and reputation, client
19 relationships, time that Mr. Blizzard spent investigating Bronstin's bogus social
20 security number, and other financial damages, including the legal fees and costs
21 associated with investigating and defending against Bronstin's claims.

22     **COUNT II – BREACH OF CONTRACT**

23     28.   Defendant realleges and incorporates Paragraphs 1 through 18 of these
24 Counterclaims as if fully set forth herein.

25     29.   By checking the box next to the consent form and clicking submit on
26 https://www.getmedicarequotesnow.com, Bronstin entered into a binding "clickwrap"
27 agreement" with Defendant, consenting to receive calls to the Subject Number by
28 "artificial or prerecorded voice" with "insurance quotes, products and services

including Medicare Supplement, Medicare Advantage and Prescription Drug Plans, for marketing purposes."

30.     As consideration for Mr. Bronstin's consent to receive such calls, Defendant spent resources identifying health insurance policies that were available in "Wayne Howard['s]" area and would best suit his needs, along with licensed brokers who could market those policies.

31.     Bronstin breached his agreement by submitting the Subject Lead with false contact information and then suing Defendant for the very same call he requested.

32.     Bronstin's breach caused Defendant to sustain a financial loss, including but not limited to lost time, costs, and legal fees associated with responding to Bronstin's allegations and defending against his frivolous and fraudulent claims.

33.     Defendant is entitled to a judgment against Mr. Bronstin in an amount to be proven at trial, but in no event less than the cost of attorneys' fees and court costs incurred in defending this lawsuit.

## PRAYER FOR RELIEF

WHEREFORE, Defendant/Counterclaim-Plaintiff Clear Link prays for judgment as follows:

- That Plaintiff take nothing from Defendant by reason of the Complaint and that judgment be entered in favor of Defendant;
- For dismissal of the Plaintiff's claims with prejudice;
- That the Court award Defendant damages, including costs and reasonable attorneys' fees for Bronstin's fraud and breach of contract; and
- For such other relief as the Court deems just and proper.

*[Signature on Following Page]*

Dated: April 3, 2024

Respectfully submitted,

*/s/Alexander D. Terepka*
Alexander D. Terepka
Patrick J. Fitzgerald (*pro hac vice*)
WATSTEIN TEREPKA LLP
515 South Flower Street, 19th Floor
Los Angeles, CA 90071
T: 404-782-9821
E: Alex@wtlaw.com
pfitzgerald@wtlaw.com

*Counsel for Clear Link*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on April 3, 2024, I caused to be electronically filed a true and correct copy of the foregoing document with the Clerk of the Court using CM/ECF, and it is being served this day on all counsel of record via transmission of Notice of Electronic Filing generated by CM/ECF.

*/s/Alexander D. Terepka*
Alexander D. Terepka

**PROOF OF SERVICE**

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

I am employed in the County of Los Angeles, State of California; I am over the age of 18 and not a party to the within action; my business address is listed above.

On **April 3, 2024**, I served the foregoing document(s) on the interested parties to this action by delivering a copy thereof in a sealed envelope addressed to each of said interested parties at the following address(es): SEE ATTACHED LIST

☐ **(BY MAIL)** I am readily familiar with the business practice for collection and processing of correspondence for mailing with the United States Postal Service. This correspondence shall be deposited with the United States Postal Service this same day in the ordinary course of business at our Firm's office address in Los Angeles, California. Service made pursuant to this paragraph, upon motion of a party served, shall be presumed invalid if the postal cancellation date of postage meter date on the envelope is more than one day after the date of deposit for mailing contained in this affidavit.

☒ **(BY ELECTRONIC SERVICE)** by causing the foregoing document(s) to be electronically filed using the Court's Electronic Filing System which constitutes service of the filed document(s) on the individual(s) listed on the attached mailing list.

☐ **(BY E-MAIL SERVICE)** I caused such document to be delivered electronically via e-mail to the e-mail address of the addressee(s) set forth in the attached service list.

☐ **(BY FACSIMILE)** I caused the above-referenced document to be transmitted to the interested parties via facsimile transmission to the fax number(s) as stated on the attached service list.

☒ (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. I declare under penalty of perjury that the above is true and correct.

Executed on April 3, 2024.

*/s/ Alexander Terepka*
Alexander Terepka

**SERVICE LIST**

Dana J. Oliver, Esq.
dana@danaoliverlaw.com
OLIVER LAW CENTER, INC.
8780 19th Street #559
Rancho Cucamonga, CA 91701

Anthony I. Paronich
anthony@paronichlaw.com
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, Massachusetts 02043