Brian K. Murphy (admitted pro hac vice)
murphy@mmmb.com
Jonathan P. Misny (admitted pro hac vice)
misny@mmmb.com
Murray Murphy Moul + Basil LLP
1114 Dublin Road
Columbus, OH 43215
Telephone: 614.488.0400
Facsimile: 614.488.0401

Attorneys for Plaintiff and Putative Class

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ASHER BRONSTIN, individually and on behalf of all others similarly situated,<br><br>    Plaintiff/Counterclaim Defendant,<br><br>    v.<br><br>CLEAR LINK INSURANCE AGENCY, LLC<br><br>    Defendant/Counterclaim Plaintiff. | Case No. 8:23-cv-1742-CJC-ADS<br><br>**PLAINTIFF ASHER BRONSTIN'S ANSWER AND AFFIRMATIVE DEFENSES TO DEFENDANT CLEAR LINK INSURANCE AGENCY, LLC'S COUNTERCLAIM** |

Plaintiff Asher Bronstin ("Plaintiff") hereby submits his Answer and Affirmative Defenses to Defendant Clear Link Insurance Agency, LLC's ("Defendant's") Counterclaim.

1. Plaintiff admits only the allegations contained in the first sentence of Paragraph 1 of Defendant's Counterclaim. Plaintiff denies the remaining allegations contained within Paragraph 1 of Defendant's Counterclaim.

2. Plaintiff denies the allegations contained within Paragraph 2 of Defendant's Counterclaim.

3. Plaintiff denies the allegations contained within Paragraph 3 of Defendant's Counterclaim.

4. Plaintiff denies the allegations contained within Paragraph 4 of Defendant's Counterclaim because Defendant's Counterclaim has no basis in fact and has been interposed solely for the purpose to harass and intimidate Plaintiff.

5. Plaintiff denies the allegations contained within Paragraph 5 of Defendant's Counterclaim because Defendant's Counterclaim has no basis in fact and has been interposed solely for the purpose to harass and intimidate Plaintiff.

6. Plaintiff admits the allegations contained within Paragraph 6 of Defendant's Counterclaim.

7. Plaintiff admits the allegations contained within Paragraph 7 of Defendant's Counterclaim.

8. Plaintiff admits the allegations contained within Paragraph 8 of Defendant's Counterclaim.

9. Plaintiff denies the allegations contained within Paragraph 9 of Defendant's Counterclaim.

10. Plaintiff denies the allegations contained within Paragraph 10 of Defendant's Counterclaim.

11. Plaintiff denies the allegations contained within Paragraph 11 of Defendant's Counterclaim.

12. Plaintiff denies the allegations contained within Paragraph 12 of Defendant's Counterclaim.

13.     Plaintiff denies the allegations contained within Paragraph 13 of Defendant's Counterclaim.

14.     Plaintiff denies the allegations contained within Paragraph 14 of Defendant's Counterclaim.

15.     Plaintiff admits that someone calling on Defendant's behalf initiated a prerecorded telemarketing call to Plaintiff. Plaintiff denies the remaining allegations contained within Paragraph 15 of Defendant's Counterclaim.

16.     Plaintiff denies the allegations contained within Paragraph 16 of Defendant's Counterclaim.

17.     Plaintiff admits that he played along with Defendant's telemarketing sales representatives in order to secure additional information related to his claims against Defendant for its illegal conduct. Plaintiff denies the remaining allegations contained within Paragraph 17 of Defendant's Counterclaim.

18.     Plaintiff denies the allegations contained within Paragraph 18 of Defendant's Counterclaim.

19.     Plaintiff denies the allegations contained within Paragraph 19 of Defendant's Counterclaim.

20.     Plaintiff denies the allegations contained within Paragraph 20 of Defendant's Counterclaim.

21.     Plaintiff incorporates by reference his responses above to the allegations contained within Paragraphs 1 through 20 of Defendant's Counterclaim.

22.     Plaintiff denies the allegations contained within Paragraph 22 of Defendant's Counterclaim.

23.     Plaintiff denies the allegations contained within Paragraph 23 of Defendant's Counterclaim.

24.     Plaintiff denies the allegations contained within Paragraph 24 of

Defendant's Counterclaim.

25. Plaintiff denies the allegations contained within Paragraph 25 of Defendant's Counterclaim.

26. Plaintiff admits that he has filed this action but denies the remaining allegations contained within Paragraph 26 of Defendant's Counterclaim.

27. Plaintiff denies the allegations contained within Paragraph 27 of Defendant's Counterclaim.

28. Plaintiff incorporates by reference his responses above to the allegations contained within Paragraphs 1 through 27 of Defendant's Counterclaim.

29. Plaintiff denies the allegations contained within Paragraph 29 of Defendant's Counterclaim.

30. Plaintiff denies the allegations contained within Paragraph 30 of Defendant's Counterclaim.

31. Plaintiff denies the allegations contained within Paragraph 31 of Defendant's Counterclaim.

32. Plaintiff denies the allegations contained within Paragraph 32 of Defendant's Counterclaim.

33. Plaintiff denies the allegations contained within Paragraph 33 of Defendant's Counterclaim.

34. Plaintiff denies all of the allegations contained within Defendant's Counterclaim, including but not limited to those set forth in the Counterclaim's Prayer for Relief.

## AFFIRMATIVE DEFENSES

1. Defendant's claims against Plaintiff are brought in an effort to chill Plaintiff's valid exercise of his right to petition the Court for the redress for

4
PLAINTIFF'S ANSWER AND AFFIRMATIVE DEFENSES TO DEFENDANT CLEAR LINK'S COUNTERCLAIM

Defendant's violations under the TCPA and thus are in violation of California's anti-SLAPP statute (Cal. Code Civ. Proc. §425.16) and should be stricken.

2. Defendant's claims against Plaintiff are barred by the equitable doctrine of "unclean hands."

3. Defendant's claims fail to state a case upon which relief can be granted.

4. If Defendant was damaged or injured as alleged, which is specifically denied, said damages or injuries were the sole and proximate result of the contributory conduct or negligence on the part of the Defendant.

5. If Defendant was damaged or injured as alleged, which is specifically denied, said damages or injuries were the sole and proximate result of a third party or third parties over which Plaintiff has no authority, responsibility, control, or liability.

6. Defendant's claimed damages, if any, were proximately caused by others intervening and superseding conduct, over which Plaintiff had no control, authority, or responsibility.

7. Defendant's claims are barred by lack of any valid consideration.

8. Defendant's claims are barred by the statute of frauds.

9. Defendant's claims are barred due to a lack of privity between the parties.

10. Defendant's claims are barred by Defendant's failure to substantially comply with its alleged contract.

11. Defendant failed to mitigate any claimed damages.

12. Defendant's alleged contract was a product of fraud and misrepresentation and is not binding upon Plaintiff.

13. Plaintiff reserves the right to add additional defenses to Defendant's Counterclaims which may become evident during the course of discovery in this action.

DATED this 22nd day of April, 2024.

**PLAINTIFF**, individually and on behalf of all others similarly situated,

By: */s/ Brian K. Murphy*
Brian K. Murphy (admitted *pro hac vice*)
murphy@mmmb.com
Jonathan P. Misny (admitted *pro hac vice*)
misny@mmmb.com
Murray Murphy Moul + Basil LLP
1114 Dublin Road
Columbus, OH 43215
Telephone: 614.488.0400
Facsimile: 614.488.0401

Anthony I. Paronich (admitted *pro hac vice*)
anthony@paronichlaw.com
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, Massachusetts 02043
Telephone: (617) 738-7080
Facsimile: (617) 830-0327

*Attorneys for Plaintiff and the Putative Class*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 22, 2024, I filed the foregoing via the Court's CM/ECF system, which will send notice of such filing to all counsel of record.

<u>**/s/ Brian K. Murphy**</u>
Brian K. Murphy